# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:94CR36

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL HART (5), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Correct Judgment Pursuant to Fed. R. Crim P. 36," filed April 18, 2005. The Government did not respond to this Motion.

On June 1, 1995, Defendant pled guilty pursuant to a Plea Agreement to the charge of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 846. On January 10, 1996, this Court sentenced Defendant to 121 months imprisonment followed by five (5) years of supervised release. Judgment was entered on February 9, 1996.

On February 4, 2004, Defendant commenced his term of supervised release. However, on September 20, 2004, in light of Defendant's various violations of his supervised release, the Government filed a "Petition for Warrant or Summons for Offender Under Supervision." On September 20, 2004, United States Magistrate Judge Carl Horn granted the Government's Motion for Warrant and Defendant was arrested on October 22, 2004 for his supervised release violations. This Court, on November 22, 2004, conducted a supervised release violation hearing, at which time Defendant pled guilty to all the violations alleged. Consequently, the Court

1

revoked Defendant's supervised release and ordered that Defendant be held for fourteen months due to his violations. Judgment was entered on January 6, 2005. Defendant did not appeal this sentence.

Defendant now contends that pursuant to the Plea Agreement, the Government agreed that it would not oppose the Court recommending to the United States Bureau of Prisons that Defendant be given credit for time served from December 4, 2004 to February 23, 2005. Defendant argues that despite his Plea Agreement, the United States Probation Office refused to recommend that Defendant receive credit for time served, and this Court did not extend such credit. Defendant asks the Court, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, to amend his Judgment to reflect his entitlement to credit for time served between December 4, 2004 and February 23, 2005.[1]

With regard to Defendant's contention that his Plea Agreement contained a provision whereby the Government agreed to make a recommendation regarding time for credit served, the Court's review of Defendant's file shows that Defendant did not have a Plea Agreement with the Government with regard to his supervised release violation. Although Defendant entered a plea of guilty pursuant to a Plea Agreement for his initial drug charges, no such Agreement was entered on Defendant's supervised release violation. Moreover, although the Court often receives inquires regarding credit for time served, it has no authority to determine how much credit is warranted without a proper action brought after the exhaustion of administrative remedies. Thus, before the Court can involve itself in this matter, the Bureau of Prisons must first make a

---

[1] The Court presumes that Defendant meant to reference Rule 35 of the Federal Rules of Criminal Procedure, which is titled "Correcting or Reducing a Sentence."

determination of an amount of credit due, if any.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Correct Judgment Pursuant to Fed. R. Crim. P. 36" is hereby **DENIED**.

**Signed: December 13, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge